UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE APPLICATION OF ROGER MACDONELL,<br><br>Applicant, | No. 2:26-mc-0305 WBS AC<br><br>ORDER |

Pending before the court is an *ex parte* application by pro se litigant Roger MacDonell ("Applicant") for an order pursuant to 28 U.S.C. § 1782 granting Applicant leave to obtain discovery from his former spouse Sharon Louise MacDonell regarding a formerly co-owned apartment in France, for use in French debt-related proceedings. ECF No. 1 ("Application"). After considering the briefing and other documentation in support of the application, as well as applicable law, the application is DENIED.

I. BACKGROUND

Roger MacDonell incorporates into his application an order issued by the undersigned in response to an application brought by his former spouse, Sharon MacDonell: MacDonell v. MacDonell, No. 2:17-mc-00198 TLN AC, ECF No. 3 (Claire, M.J., Dec. 15, 2017) ("MacDonell I"). ECF No. 1 at 3. Roger and Sharon MacDonell were married in California on October 3, 1992. MacDonell I, ECF No. 3 at 1. They moved to France in September 2006 with their four

children. Id. at 2. On or about September 24, 2010, Roger initiated divorce proceedings in France. Id. at 3. According to Sharon in her application to this court, Roger had been reluctant to disclose his actual resources and the income derived from his invested capital and refused to produce documents requested by the French court's Disclosure Order. Id. at 3. Sharon stated that the French court had issued orders relating to child support, child custody, and interim spousal support. Id. At the time of Sharon's application to this court, the French Court of Appeal had also issued a final judgment on spousal support and a final judgement from the French Court of Appeal had been registered with the San Mateo Superior Court. Id.

Sharon, by way of *ex parte* application pursuant to 28 U.S.C. § 1782, asked this court to order production related to four document subpoenas directed at CGI Franchise Systems, Inc., Shipping Solutions, LP, Wells Fargo Bank and the Vanguard Group, as well as a deposition subpoena to the "Person Most Knowledgeable" for Shipping Solutions, LP to assist the French court in its determination of the division and allocation of marital assets in the following: CGI Franchise Systems, Inc., which was a business established around March 28, 1994 and sold around August 2, 2007; Worldwide Express Holdings, LLC, a business established around August 2, 2007; Shipping Solutions, LP, a business established around April 20, 1998; both Roger and Shipping Solutions, LP's bank accounts at Wells Fargo Bank; and a Vanguard investment account opened during the time of their marriage. Id. On December 15, 2017, the undersigned granted Sharon's application, finding that "the material and individual sought to be subpoenaed may not be accessible by means other than section 1782, because none of the business entities are parties to the pending litigation in France and thus may not be within the French court's jurisdictional reach." Id. at 3.

Roger MacDonell has now filed his own application pursuant to 28 U.S.C. § 1782, asking this court for an order granting leave to serve a subpoena (ECF No. 1-4) upon Sharon MacDonell. The Applicant seeks information concerning a property located in France which he asserts was, at one time, co-owned by himself and Sharon. ECF No. 1 at 1-2. Roger states that he has "sought these documents in France and has been refused." Id. at 3. Roger states that Sharon has been granted exclusive use of the apartment by a French appellate court as of October 25, 2015, and he

has had no access to it, control over it, and no role in managing it since that date. Id. at 4. Roger asserts that Sharon has collected rental fees related to the apartment, which he has not benefited from. Id. Nonetheless, French courts have held that Roger paid mortgage installments on the apartment from February 2011 until November 2015, and over the same years, some coownership charges went unpaid. Id. On June 2, 2026, a French court entered judgment for a debt related to the French property in the amount of EUR 94,364.47. Id.

Roger has requested leases, rental accounts, and bank records regarding any rent received on the property, as well as management documents, in France. Id. Roger took the matter to French court; his requests were refused initially, and the matter is currently before a French Tribunal. Id. at 5. Plaintiff asks this court to intervene because (1) the Tribunal may not make a decision before November 11, 2026, when the period to appeal the French debt judgment expires, and (2) whatever the Tribunal orders, it cannot reach records held by financial institutions in the United States. Id.

## II. LEGAL STANDARD

28 U.S.C. § 1782 provides, in part, the following:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.
>
> A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

28 U.S.C. § 1782(a).

"Section 1782 is the product of congressional efforts…to provide federal-court assistance in gathering evidence for use in foreign tribunals." Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247 (2004). "The prima facie showing mandated by the statute is only that the application be made (1) by a foreign or international tribunal or any interested person, (2) that it be for use in a proceeding in a foreign or international tribunal, and (3) that the person or entity from whom the discovery is sought be a resident of or be found in the district in which the application is filed." In re Bayer AG, 146 F.3d 188, 193 (3d Cir. 1998) (citation and internal quotation marks omitted); see also In re Republic of Ecuador, 2011 WL 4089189 at *2 (E.D. Cal. Sept. 13, 2011). The section "authorizes, but does not require, a federal district court to provide assistance to a complainant" in a foreign proceeding. Intel, 542 U.S. at 255.

In exercising its wide discretion whether to grant an application made pursuant to section 1782, the Supreme Court in Intel has indicated that a district court should consider the following:

> (1) Whether the material sought is within the foreign tribunal's jurisdictional reach and thus accessible absent Section 1782 and; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court jurisdictional assistance; (3) whether the Section 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the subpoena contains unduly intrusive or burdensome requests.

In re Republic of Ecuador, 2011 WL 4089189 at *2 (citing Intel, 542 U.S. at 264-65).

An *ex parte* application is an acceptable method for seeking discovery pursuant to section 1782. In re Letters Rogatory from Tokyo Dist., Tokyo, Japan, 539 F.2d 1216, 1219 (9th Cir. 1976) (holding that subpoenaed parties may raise objections and exercise their due process rights by motions to quash the subpoenas).

## III. ANALYSIS

Here, Applicant has met the three statutory requirements of 28 U.S.C. § 1782. First, the Applicant is an interested person because he is a party to a French debt enforcement proceeding. Second, it appears to the court that the debt proceeding in France qualifies as a proceeding in a foreign tribunal for purposes of the statute. Third, Applicant has made a prima facie showing that Sharon MacDonell is located in this District. See 28 U.S.C. § 1782(a).

Next, this court considers whether the discretionary factors iterated by the Supreme Court weigh in favor or against the issuance of the subpoenas. The undersigned finds that the discretionary factors weigh strongly against issuing the subpoena, and that the application should be denied.

A. Jurisdictional Reach of Foreign Tribunal

When assessing the first factor, the Supreme Court has noted that

> when the person from whom discovery is sought is a participant in the foreign proceeding…the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad. A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence. In contrast, nonparticipants in foreign proceedings may be outside the foreign tribunal's jurisdictional reach; thus, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid.

Intel Corp., 542 U.S. at 244.

In this case, it is plain from the facts set forth in the application that Sharon—the person from whom the Applicant seeks to compel discovery—is a participant in the French proceeding. That proceeding involves property located in France—the same property which is the subject of the discovery the Applicant seeks. The Applicant affirmatively states that he has sought and been refused that discovery by French courts. These facts all indicate that the information Roger seeks is available in France, and that the French courts have the necessary jurisdiction to require the production of whatever evidence is required under French law.[1] This court will not be used to circumvent the French court's decisions. This factor weighs heavily against granting the application.

B. Nature and Receptivity of Foreign Tribunal

Again, while French courts may be receptive to an order of this court under other circumstances, it is unlikely that they would be receptive to an order undercutting their own determinations on a discovery dispute already adjudicated by French courts and regarding a

[1] MacDonell I presented the inverse situation: the French court had no authority to compel third-party discovery from American entities regarding assets held by Roger in the United States. That is why Sharon's application was granted. The situation here is entirely different.

properly located within France. This factor weighs heavily against granting the application.

C. Attempt to Circumvent Foreign Proof-Gathering Restrictions or Policies

For the same reasons noted above, it appears that the Applicant is attempting to circumvent foreign proof-gathering restrictions by seeking discovery here that was expressly denied in France. As such, this factor weighs heavily against granting the application.

D. Unduly Intrusive or Burdensome

The undersigned is unable to assess the full nature of the subpoena because Applicant failed to attach the "Schedule A" to the subpoena he submitted. ECF No. 1-4. However, even assuming that the subpoena is not unduly intrusive or burdensome, the other discretionary facts and the totality of the circumstances plainly indicate that the subpoena should not be served, and the application must be denied.

## IV. CONCLUSION

In light of the foregoing reasons, IT IS HEREBY ORDERED that Applicant's *ex parte* application for an order pursuant to 28 U.S.C. § 1782 granting Applicant leave to conduct discovery in this district for use in contemplated foreign litigation (ECF No. 1) is DENIED. The Clerk of Court is DIRECTED to close this case.

IT IS SO ORDERED.

DATED: October 29, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE